SEYFARTH SHAW LLP
Kristina M. Launey (SBN 221335)
klauney@seyfarth.com
Michelle L. DuCharme (SBN 285572)
mducharme@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone:   (916) 498-7028
Facsimile:   (916) 558-4839

Attorneys for Defendant,
CHARTER COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON IRONS,<br><br>             Plaintiff,<br><br>    v.<br><br>CHARTER COMMUNICATIONS<br>BRANDED AS SPECTRUM,<br><br>             Defendant. | Case No. 2:22-cv-06762-GW-JEM<br><br>Hon. George H. Wu<br><br>**DEFENDANT'S NOTICE OF MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: April 13, 2023<br>Time: 8:30 a.m.<br>Courtroom: 9D<br><br>Complaint Filed: September 20, 2022 |

**TO PLAINTIFF SHANNON IRONS:**

**PLEASE TAKE NOTICE** that on April 13, 2023 at 8:30 a.m. in Courtroom 9D before the Honorable George H. Wu of the U.S. District Court, Central District of California, located at 350 West 1st Street, Los Angeles, CA, 90012, Defendant Charter Communications, Inc. (erroneously sued as "Charter Communications branded as Spectrum") ("Charter") will and hereby does move this Court for an order granting its Motion to Dismiss Plaintiff Shannon Irons' ("Plaintiff") First Amended Complaint. Charter's Motion to Dismiss is brought under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place in writing at Plaintiff's request on March 3, 2023. Decl. of Michelle DuCharme ¶¶ 3-8, Ex. A.

DATED: March 6, 2023

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Kristina M. Launey*
Kristina M. Launey
Michelle L. DuCharme

Attorneys for Defendant
CHARTER COMMUNICATIONS, INC.

NOTICE OF MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...........................................................................................1

II.     BACKGROUND AND PLAINTIFF'S ALLEGATIONS.......................................1

III.    LEGAL STANDARD FOR A MOTION TO DISMISS .........................................3

IV.     ARGUMENT...............................................................................................4

      A.      There is no private right of action under 18 U.S.C. § 242 and the Court therefore lacks subject matter jurisdiction over this claim. .................4

      B.      There is no private right of action under the Federal Trade Commission Act and the Court therefore lacks subject matter jurisdiction over this claim. ................................................................5

      C.      The Court should decline supplemental jurisdiction over Plaintiff's Unruh Act cause of action. ................................................................5

      D.      Plaintiff cannot state a claim under the Unruh Act. ........................................6

            1.      Lack of a physical address is not a protected class under the Unruh Act.......................................................................6

            2.      The Unruh Act does not apply to persons without a physical address vis-à-vis the use of "no matter" in the statute...........................7

V.      LEAVE TO AMEND WOULD BE FUTILE AND PREJUDICE CHARTER .......7

VI.     CONCLUSION..........................................................................................8

NOTICE OF MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Adams v. Easley,*
    No. CIV S-11-0826 GEB, 2011 WL 3875999 (E.D. Cal. Sept. 1, 2011) ..................................4

*Aldabe v. Aldabe,*
    616 F.2d 1089 (9th Cir. 1980) ...........................................................................4

*Andersen v. Paul Fin., Inc.,*
    No. CV 09-3442-GW(FMOX), 2009 WL 10678575 (C.D. Cal. June 22, 2009) ....................5

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)......................................................................................3, 4

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ........................................................................................4

*Bird v. Guarino,*
    No. 2:17-CV-0554-MCE-CMK, 2017 WL 4844510 (E.D. Cal. Oct. 26, 2017) ..................6, 7

*Boudette v. Barnette,*
    923 F.2d 754 (9th Cir. 1991) ...........................................................................7

*Caterpillar Inc. v. Williams,*
    482 U.S. 386 (1987) ........................................................................................3

*Clarke v. Upton,*
    No. CV-F-07-888OWWSMS, 2009 WL 1460815 (E.D. Cal. May 26, 2009) .........................4

*Dreisbach v. Murphy,*
    658 F.2d 720 (9th Cir. 1981) ...........................................................................5

*Edison v. United States,*
    822 F.3d 510 (9th Cir. 2016) ...........................................................................3

*Eminence Capital, LLC v. Aspeon, Inc.,*
    316 F.3d 1048 (2003)......................................................................................8

*Kerr v. Am. Home Mortg. Servicing, Inc.,*
    No. 10-CV-1612 BEN AJB, 2010 WL 3743879 (S.D. Cal. Sept. 23, 2010)............................5

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
    511 U.S. 375 (1994)........................................................................................3

*Kroessler v. CVS Health Corp.,*
    977 F.3d 803 (9th Cir. 2020) ...........................................................................8

*Mendiondo v. Centinela Hosp. Medical Center,*
    521 F.3d 1097 (9th Cir. 2008) .........................................................................3

*Njokom v. Assessment Tech. Inst.*,
    No. CV 20-3535-GW-MAAX, 2020 WL 5898801 (C.D. Cal. July 2, 2020)...........................5

*Peralta v. Hispanic Bus., Inc.*,
    419 F.3d 1064 (9th Cir. 2005) ......................................................................................3

*Rosati v. Igbinoso*,
    791 F.3d 1037 (9th Cir. 2015) ......................................................................................8

*United States v. Classic*,
    313 U.S. 299 (1941)......................................................................................................4

*Winebarger v. Pennsylvania Higher Educ. Assistance Agency*,
    411 F. Supp. 3d 1070 (C.D. Cal. 2019) ......................................................................8

**State Cases**

*Harris v. Cap. Growth Invs. XIV*,
    52 Cal. 3d 1142 (1991) ................................................................................................7

*Semler v. Gen. Elec. Cap. Corp.*,
    196 Cal. App. 4th 1380 (2011) ...................................................................................7

**Federal Statutes**

15 U.S.C. § 45................................................................................................................5, 6

18 U.S.C. § 242........................................................................................................2, 3, 4, 5

18 U.S.C. § 242 (2) ..........................................................................................................1

28 U.S.C. § 1331 ..............................................................................................................3

28 U.S.C. § 1332 ..............................................................................................................3

28 U.S.C. § 1367 ..............................................................................................................6

42 U.S.C. § 2000a ........................................................................................................1, 2

**State Statutes**

Cal. Civ. Code § 51.......................................................................................................1, 6

Cal. Civ. Code § 51(b) .....................................................................................................6

**Rules**

Fed. R. Civ. P. 12(b)(1)................................................................................................2, 3

Fed. R. Civ. P. 12(b)(6)....................................................................................................3

Fed. R. Civ. P. 12(h)(3)....................................................................................................3

iii

NOTICE OF MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

Fed. R. Civ. P. 15(a)(2) ............................................................................................................8

L.R. 7-3 ....................................................................................................................................2

NOTICE OF MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

In his First Amended Complaint ("FAC"), *pro se* and *in forma pauperis* Plaintiff Shannon Irons ("Plaintiff") now abandons his Title II claim and pursues three claims, for violation of (1) 18 U.S.C. § 242, (2) Federal Trade Commission Act ("FTCA"), and (3) California's Unruh Act, against Defendant Charter Communications, Inc. (erroneously sued as "Charter Communications branded as Spectrum") ("Charter").

All three claims are based upon the same allegation as in his original Complaint – that Charter discriminated against Plaintiff as a WiFi account applicant because he does not have a physical address. And also as in his original Complaint, his FAC is grounded in a sole alleged protected status: "The Plaintiff's Homeless Status of not having a Physical Address or Residence." ECF No. 31 at 2:2-3. As explained in Charter's original motion to dismiss and the Court's order granting the motion, lack of a physical address is not a protected class under the Unruh Act, and Plaintiff has alleged no new facts or legal argument to change this outcome. Nor do his two newly-asserted federal claims fare any better, as there is no private right of action under either federal statute he cites. Having been afforded multiple briefing opportunities in opposition to Charter's original motion to dismiss, and being instructed in the Court's order what needed to be cured to state viable claims and having not done so, Plaintiff cannot cure these deficiencies in any further amendment and dismissal without leave to amend is warranted.

## II.    BACKGROUND AND PLAINTIFF'S ALLEGATIONS

On September 20, 2022, Plaintiff filed his Complaint against Charter. ECF No. 1. Plaintiff's Complaint alleged discrimination because he is "technically 'Homeless' meaning [he does] not have a 'fixed location' or Physical Address as a Residence." *Id.* ¶ 11. Plaintiff claimed Charter discriminated against him in violation of 42 U.S.C. § 2000a (Title II of the Civil Rights Act) and California Code of Civil Procedure § 51 (Unruh Act). *Id.* ¶¶ 14-19.

On October 5, 2022, the Court granted Plaintiff's Request to Proceed *In Forma*

1

NOTICE OF MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

*Pauperis*. ECF No. 7.

On December 1, 2022, Charter was served with the Complaint. ECF No. 10.

On December 22, 2022, Charter filed a Motion to Dismiss Plaintiff's Complaint. ECF No. 11. On January 6, 2023, Plaintiff filed an Opposition. ECF No. 15. On January 12, 2023, Charter filed a Reply in Support of its Motion to Dismiss. ECF No. 17.

On January 24, 2023, the Court issued its Tentative Ruling on Charter's Motion to Dismiss, finding Plaintiff failed to state a claim upon which relief could be granted. ECF No. 22.

On January 23, 2023, Plaintiff filed an Opposition to Charter's Reply. ECF No. 20.

On January 26, 2023, the Court heard the parties' positions regarding Charter's Motion to Dismiss. ECF No. 25. The Court continued the January 26, 2023 hearing to February 6, 2023 and afforded Charter time to respond to Plaintiff's Opposition to Reply. *Id.*

On January 31, 2023, Plaintiff filed a Reply to the Court's Tentative Ruling. ECF No. 26. On February 1, 2023, Charter filed a Reply to Plaintiff's January 23, 2023 Opposition Reply and Plaintiff's January 31, 2023 Reply to the Court's January 24, 2023 Tentative Ruling. ECF No. 28.

On February 6, 2023, the Court again heard the parties' positions regarding Charter's Motion to Dismiss and granted Charter's motion. ECF No. 30.

On February 17, 2023, Plaintiff filed a First Amended Complaint. ECF No. 31. Plaintiff again alleges discrimination based on his "Homeless Status of not having a Physical Address or Residence." *Id.* at 2:2-3. The FAC replaces Plaintiff's claim for violation of 42 U.S.C. § 2000a (Title II of the Civil Rights Act) with two new federal claims for discrimination under 18 U.S.C. § 242 and the FTCA, and retains his claim for violation of California's Unruh Act, but on the same grounds as he raised in his original Complaint.

///

///

NOTICE OF MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

## III.  <u>LEGAL STANDARD FOR A MOTION TO DISMISS</u>

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). A Rule 12(b)(1) motion seeks dismissal of a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). An attack on subject matter jurisdiction may be facial or factual. *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). In the former, the challenger asserts that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *Id.* (quotations and citations omitted). As explained below, the Court lacks subject matter jurisdiction over Plaintiff's 18 U.S.C. § 242 and FTCA claims and they must therefore be dismissed. *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Dismissal under Rule 12(b)(6) is appropriate when, as in this case, the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Medical Center*, 521 F.3d 1097, 1104 (9th Cir. 2008) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

3

the defendant is liable for the misconduct alleged. *Id.* Conclusory allegations are insufficient. *Id.* at 678-79. "[A] formulaic recitation of the elements of a cause of action will not do," and the factual allegations of the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## IV.   <u>ARGUMENT</u>

### A.   There is no private right of action under 18 U.S.C. § 242 and the Court therefore lacks subject matter jurisdiction over this claim.

Plaintiff alleges in his first cause of action only that he was deprived of Charter's services, which he had in the past. ECF No. 31 at 6:14-16 ("Because I, The Plaintiff, had a Charter / Spectrum Account in the past … and now That [Charter] denies me their Services is Deprivation.").

As a threshold matter that forecloses any evaluation of Plaintiff's claim, 18 U.S.C. § 242 is a criminal provision and the Ninth Circuit is clear that it "provide[s] no basis for civil liability." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (citation omitted); *Clarke v. Upton*, No. CV-F-07-888OWWSMS, 2009 WL 1460815, at *24 (E.D. Cal. May 26, 2009) (denying "leave to amend to allege claims based on violations of Title 18, United States Code because 'These criminal provisions ... provide no basis for civil liability.'" (quoting *Aldabe*, 616 F.2d at 1092)).

Plaintiff's Section 242 claim fails as a practical matter as well. This criminal statute is designed to protect rights under the Constitution or laws of the United States. Plaintiff claims he was deprived of the "right" to receive Charter's WiFi services. Plaintiff fails to identify an underlying constitutional right of which he has been deprived by Charter, which is a necessary element of a claim under this statute. *Adams v. Easley*, No. CIV S-11-0826 GEB, 2011 WL 3875999, at *1 (E.D. Cal. Sept. 1, 2011) (finding the plaintiff failed to state a claim under 42 U.S.C. §§ 1983 and 1985 for the same reason). It is also a statute that requires Charter to have acted under color of law, which is generally when a federal, state, or local official (such as a police officer) acts within the authority given them by law. *See, e.g.*, *United States v. Classic*, 313 U.S. 299, 326 (1941) (acting

NOTICE OF MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

under color of state law requires that the alleged wrongdoer exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law"). Plaintiff fails to allege that his attempt to obtain WiFi services from Charter was anything more than a private matter between private parties. *Andersen v. Paul Fin., Inc.*, No. CV 09-3442-GW(FMOX), 2009 WL 10678575, at *3 (C.D. Cal. June 22, 2009) (dismissing 18 U.S.C. § 242 claim because the plaintiff "failed to show that any Defendants acted under color of state law").

### B. There is no private right of action under the Federal Trade Commission Act and the Court therefore lacks subject matter jurisdiction over this claim.

Plaintiff's second new claim in his FAC, for violation of the FTCA (15 U.S.C. § 45), is based on the allegation that he is unable to access Charter's WiFi services because he does not have a physical address. ECF No. 31 at 6-7.

For the same reasons discussed above regarding Plaintiff's 18 U.S.C. § 242 claim, this claim also fails because there is no private right of action under the FTCA. *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981) ("This circuit has held that private litigants may not invoke the jurisdiction of the federal district courts by alleging that defendants engaged in business practices proscribed by [the FTCA]. The [FTCA] rests initial remedial power solely in the Federal Trade Commission." (citing *Carlson v. Coca-Cola Co.*, 483 F.2d 279 (9th Cir. 1973))); *Kerr v. Am. Home Mortg. Servicing, Inc.*, No. 10-CV-1612 BEN AJB, 2010 WL 3743879, at *3 (S.D. Cal. Sept. 23, 2010) ("It is well-established that there is no private right of action for violation of the FTCA; only the Federal Trade Commission has standing to enforce it."); *Njokom v. Assessment Tech. Inst.*, No. CV 20-3535-GW-MAAX, 2020 WL 5898801, at *2 (C.D. Cal. July 2, 2020) (the FTCA "does not provide a private cause of action" (citing *Dreisbach*, 658 F.2d at 730; *Caron v. Fletcher Jones Motor Cars, Inc.*, 715 F. App'x 803, 804 (9th Cir. 2018))).

### C. The Court should decline supplemental jurisdiction over Plaintiff's Unruh Act cause of action.

Because Plaintiff is precluded from bringing a claim under either 18 U.S.C. § 242

NOTICE OF MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

or the FTCA (15 U.S.C. § 45), this Court should dismiss this lawsuit and decline supplemental jurisdiction over Plaintiff's state law claim. 28 U.S.C. § 1367. *Accord Bird v. Guarino*, No. 2:17-CV-0554-MCE-CMK, 2017 WL 4844510, at *3 (E.D. Cal. Oct. 26, 2017) (separately declining to exercise supplemental jurisdiction over the plaintiff's Unruh Act claim because there were no valid federal claims stated in the complaint).

### D.    Plaintiff cannot state a claim under the Unruh Act.

Plaintiff's FAC does not remedy the defects identified in the Court's ruling on Charter's first motion to dismiss. ECF Nos. 22, 30 ("Because Plaintiff alleges he was discriminated against because of his status as homeless, which is not a protected class [under the Unruh Act], his claim fails."). Plaintiff cannot allege a cause of action under the Unruh Act, California Civil Code § 51, because a lack of a physical address is not a protected class under this statute.

#### 1.    Lack of a physical address is not a protected class under the Unruh Act.

The Unruh Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, . . . [or] primary language . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).

To establish a claim for discrimination under the Unruh Act, Plaintiff must show, among other things: (1) he was denied full and equal services; (2) a protected status was a substantial motivating reason for Charter's conduct; (3) Plaintiff was harmed; and (4) Charter's conduct was a substantial factor in causing Plaintiff's harm. Cal. Civ. Code § 51.

Here, Plaintiff fails to and cannot state a claim under the Unruh Act because he does not allege that Charter's conduct was animated by discriminatory intent based upon his "sex, race, color, religion, ancestry, national origin, . . . [or] primary language." Cal. Civ. Code § 51. Rather, Plaintiff alleges he was discriminated against only and

NOTICE OF MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

exclusively based on the fact that he lacks a physical address. ECF No. 31 at 8-9. This is not a protected class under the plain language of the Unruh Act and Plaintiff's claim fails. *See, e.g.*, *Bird*, 2017 WL 4844510, at *3 (finding the plaintiff failed to state a claim under the Unruh Act because there is no indication in the Act that his status as a veteran is a protected class); *Semler v. Gen. Elec. Cap. Corp.*, 196 Cal. App. 4th 1380, 1392 (2011) (a claim under the Unruh Act "must be based on a personal characteristic similar to those listed in the statute"); *see also* ECF Nos. 22, 30 (Court's order dismissing Plaintiff's complaint, finding that "[b]ecause Plaintiff alleges he was discriminated against because of his status as homeless, which is not a protected class, his claim fails").[1]

**2.      The Unruh Act does not apply to persons without a physical address vis-à-vis the use of "no matter" in the statute.**

To the extent Plaintiff believes that the Unruh Act applies to his status as a person without a physical address because of the use of "no matter" in the statute, this position fails. ECF No. 31 at 8:9-11, 9:11-12.

Nothing in California's Legislative intent suggests that any status not listed in the Unruh Act (e.g., lack of a physical address) would also be protected. And under traditional principles of statutory interpretation, there is "a presumption that when a statute designates certain persons, things, or manners of operation, all omissions should be understood as exclusions." *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (referencing the doctrine of *expressio unius est exclusio alterius* (citation omitted)).

## V.      LEAVE TO AMEND WOULD BE FUTILE AND PREJUDICE CHARTER

"Where a motion to dismiss is granted, a district court must decide whether to

---

[1] It bears noting that, it is simply a matter of fact that without a physical address, Charter cannot go to a customer's location and install home Internet services. Home internet customers are also eligible to receive, at extra cost, WiFi through a router that is physically connected to the Internet via wires installed at that address, as well as the "Out Of Home WiFi" feature. Because Plaintiff does not have a physical address, there is no place where Charter could install and thus provide him these services, irrespective of any protected class enumerated in the Unruh Act. Put simply, Charter has a legitimate and practical business reason for not offering home Internet services (and related WiFi services) to persons without a physical address. *See, e.g.*, *Harris v. Cap. Growth Invs. XIV*, 52 Cal. 3d 1142, 1165 (1991) (critical issue is whether the challenged policy "bears a reasonable relation to commercial objectives appropriate to an enterprise serving the public").

NOTICE OF MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

grant leave to amend." *Winebarger v. Pennsylvania Higher Educ. Assistance Agency*, 411 F. Supp. 3d 1070, 1082 (C.D. Cal. 2019). "The court should give leave [to amend] freely when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court may deny leave to amend, however, for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020); *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).

Here, Plaintiff has now been given several opportunities to plead a viable claim. Plaintiff cannot plead around the plain fact that the Unruh Act does not protect Plaintiff's status as a person without a physical address. Thus, it would be futile to afford Plaintiff yet a third opportunity to state a claim when it is "absolutely clear that the deficiencies of the complaint [cannot] be cured by amendment." *Rosati*, 791 F.3d at 1039 (citation and quotations omitted). Because Plaintiff's allegations are based purely on whether or not he has a physical address, which is not a protected class under the Unruh Act, he cannot state a claim for discrimination and amendment would be futile.

Further, Charter has been made to expend a significant amount of time defending against Plaintiff's meritless claims and would be prejudiced if it had to continue to expend resources, and the Court's resources, on responding to yet another amended complaint that clearly cannot cure the deficiencies discussed herein and in Charter's prior filings.

## VI.    **CONCLUSION**

Charter respectfully requests that the Court grant this Motion to Dismiss Plaintiff's First Amended Complaint without leave to amend because (1) the Court lacks jurisdiction over Plaintiff's federal claims and therefore also lacks jurisdiction over Plaintiff's Unruh

Act claim, and (2) Plaintiff fails to state a claim for, and cannot state a claim for, relief under the Unruh Act.


DATED: March 6, 2023                    Respectfully submitted,

                                        SEYFARTH SHAW LLP


                                        By: */s/ Kristina M. Launey*
                                            Kristina M. Launey
                                            Michelle L. DuCharme

                                            Attorneys for Defendant
                                            CHARTER COMMUNICATIONS,
                                            INC.

NOTICE OF MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES