JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6762-GW-JEMx | Date | April 25, 2023 |
|---|---|---|---|
| Title | *Shannon Irons v. Charter Communications* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - FINAL RULING ON DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [33]

Defendant's Motion to Dismiss the First Amended Complaint (ECF No. 33) came on for hearing on April 13, 2023 (ECF No. 43). A tentative ruling was previously sent to the parties on April 12 (ECF No. 42). Earlier, the Court had granted Defendant's Motion to Dismiss the federal claims in the original Complaint – *i.e.* pursuant to 42 U.S.C. § 1983 and Title II of the Civil Rights Act (42 U.S.C. § 2000a).

For the reasons stated in the April 12 Tentative Ruling and on the record at the April 13 hearing, the Court grants Defendant's Motion to Dismiss the federal claims in the First Amended Complaint – *i.e.* under 18 U.S.C. § 242 and section 5 of the Federal Trade Commission Act (15 U.S.C. § 45).

The dismissals of Plaintiff's federal causes of action were as a matter of law such that he could not plead around the impediments. Thus, at this point, his only potentially viable claims would be based on state law (*e.g.*, under the Unruh Act).

This Court has supplemental jurisdiction over Plaintiff's state law causes of action. *See* 28 U.S.C. 1367(a). However, a district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. 1367(c)(3). Indeed, as stated in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988): "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *See also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997).

In light of the above, the Court grants Defendant's Motion to Dismiss the federal claims in the First Amended Complaint, declines to exercise supplemental jurisdiction over the remaining state causes of action, and dismisses the case without prejudice such that Plaintiff may pursue his state causes of action in state court if he so desires.

| | : |
|---|---|
| Initials of Preparer | JG |